UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 23-1186-MWF (AFMx) | **Date:** | April 19, 2023 |
| **Title:** | Aminiasl v. Volkswagen Group of America., Inc | | |

| | |
|---|---|
| **Present:** | The Honorable MICHAEL W. FITZGERALD, U.S. District Judge |

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendants:<br>None Present |

| | |
|---|---|
| **Proceedings (In Chambers):** | ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE [19] |

Before the Court is Plaintiff Ghazal Aminiasl's Motion to Remand Case (the "Motion"), filed on March 13, 2023. (Docket No. 10). Defendant Volkswagen Group of America, Inc. filed an Opposition on April 3, 2023. (Docket No. 15). Plaintiff filed a Reply on April 10, 2023. (Docket No. 16).

The Motion was noticed to be heard on **April 24, 2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Defendant sufficiently alleges grounds for removal on the basis of diversity jurisdiction.

## I.     BACKGROUND

On January 5, 2023, Plaintiff filed a Complaint in the Los Angeles Superior Court. (Notice of Removal ("NOR"), Ex. A (Complaint) (Docket No. 1)). The Complaint alleges Defendant violated the Song-Beverly Consumer Warranty Act based on a vehicle Plaintiff leased. (*Id.* ¶¶ 4, 12). The Complaint seeks monetary damages and attorney's fees. (*Id.* at 8). After filing an answer in the Superior Court, Defendant filed its NOR on February 16, 2023, based on diversity jurisdiction. (NOR ¶ 6–16). Plaintiff filed this Motion on March 13, 2023. (Motion (Docket No. 10)).

---

**CIVIL MINUTES—GENERAL**                                                                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-1186-MWF (AFMx)          Date: April 19, 2023
Title:      Aminiasl v. Volkswagen Group of America., Inc

## II. DISCUSSION

### A. Local Rule 7-3

Defendant argues that the Motion should be denied in its entirety for failure to comply with Local Rule 7-3. (Opp. at 7). Defendant explains that Plaintiff's "notice of motion fails to include the statement of compliance," that "Plaintiff failed to meet and confer…prior to filing," and that "counsel did not mention a motion for remand, let alone identify "the substance of the contemplated motion and any potential resolution" during the Rule 26(f) conference held on March 2, 2023 (*Id.* at 7–8). In response, Plaintiff explains that "both Parties engaged in discussions pertaining to the substance of Plaintiff's contemplated Motion to Remand and any potential resolution as required under Local Rule 7-3" during the Rule 26(f) conference. (Reply at 4).

Although it is disputed whether the parties did or did not meet and confer in strict compliance with Local Rule 7-3, it does not appear that Defendant has suffered prejudice as a result of this failure. The Court, therefore, will proceed to the merits of the Motion. See, e.g., *Reed v. Sandstone Props.*, L.P., No. 12-CV-5021-MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (consideration of the merits of a motion when the opposing party was not prejudiced).

### B. Diversity Jurisdiction

Plaintiff argues that the action should be remanded because Defendants did not carry their burden in demonstrating that Plaintiff is a California citizen and therefore, did not establish complete diversity of citizenship. (Motion at 6–7).

In general, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). To remove a case to federal court, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mort. Co.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-1186-MWF (AFMx)**         **Date:  April 19, 2023**
**Title:**     Aminiasl v. Volkswagen Group of America., Inc

340 F.3d 858, 861 (9th Cir. 2003).  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Id.* at 1042.

Defendant removed on the basis of diversity jurisdiction.  The issues, then, are whether there is complete diversity and whether the amount in controversy has been met.  A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]"  *Dart Cherokee Basin Operating Sys. Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).  The parties do not dispute that the amount in controversy exceeds the jurisdictional threshold of $75,000.  (Motion at 3; Opposition at 5).

For diversity jurisdiction purposes, an individual's citizenship is determined by where he or she is domiciled, and an individual's domicile is the location in which "she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely."  *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (internal quotations marks and brackets omitted).  Nevertheless, a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because "a person's residence is prima facie evidence of domicile and citizenship." *Lee v. BMW of N.A.*, LLC, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation of citizenship in notice of removal, based only on plaintiff's statement of residence in the complaint, sufficient to establish diversity jurisdiction); *Coronel v. Ford Motor Co.*, No. CV 19-09841 DSF (JEMx), 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) (same); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary ....").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-1186-MWF (AFMx)          **Date:** April 19, 2023
**Title:**     Aminiasl v. Volkswagen Group of America., Inc

       Plaintiff argues that Defendant has failed to meet its burden establishing that she is a citizen of California and therefore complete diversity does not exist. Plaintiff contends that Defendant's reliance on the Complaint which states that Plaintiff is "an individual residing in the City of Tarzana, State of California" is insufficient to establish she is a citizen of California. (Motion at 6). Plaintiff has not offered any evidence establishing that she is not a citizen of California or that she is domiciled in another state. (*See generally* Motion; Opposition at 7).

       Plaintiff primarily relies on *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001), for her argument that her alleged residency alone is insufficient to establish a party's citizenship. (Opposition at 6). While the court in *Kanter* found the defendant's assertion regarding plaintiffs' residency was insufficient to establish complete diversity, the court made its determination based on "[defendant]'s failure to specify [p]laintiffs' state citizenship" as the defendant ***only*** alleged the plaintiffs' state of residence. *Kanter*, 265 F. 3d at 857–58 ("Since the party asserting diversity jurisdiction bears the burden of proof, [the defendant]'s failure to specify [p]laintiffs' state citizenship was fatal to [d]efendants' assertion of diversity jurisdiction.") (internal citation omitted). The *Kanter* court did not address if a defendant can establish a prima facie showing of citizenship based on a plaintiff's alleged state of residence in his or her complaint. *See Fjelstad v. Vitamin Shoppe Indus. LLC*, No. 22-CV-7323-ODW (AFMx), 2021 WL 364638, at *3 (C.D. Cal. Feb. 3, 2021) ("Nothing in *Kanter* suggests that a defendant cannot rely on a complaint's allegations of residency to ascertain removability."). Unlike *Kanter* where the defendant failed to include any allegation of plaintiff's citizenship in its notice of removal, here, Defendant alleged that Plaintiff was a citizen of California based on her Complaint and the address she provided in the lease agreement for the vehicle. (NOR ¶ 7; Complaint ¶ 2; Exhibit C (the "Lease")).

       While the Ninth Circuit has not expressly addressed whether allegations of residence equates to citizenship, "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) (citing, among other authority, *Anderson*, 138 U.S. at

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-1186-MWF (AFMx)  **Date:** April 19, 2023
**Title:** Aminiasl v. Volkswagen Group of America., Inc

706 ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary ....")).

Courts in this circuit have routinely found removal is valid where a defendant establishes diversity based on plaintiff's complaint. *See, e.g., Fjelstad*, 2021 WL 364638, at *3 ("because [plaintiff]'s statement of her residence is prima facie evidence of her domicile."); *Lee*, 2019 WL 6838911, at *2 ("because [p]laintiffs' residence in La Habra, California is prima facie evidence of their California citizenship and Plaintiffs have not indicated otherwise, complete diversity exists."); *Coronel*, 2020 WL 550690 ("'[A]llegations of citizenship may be based solely on information and belief.' [*Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019)]. Therefore, absent a factual challenge, allegations that the plaintiff is a citizen of California are sufficient."); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 885–87 (S.D. Cal. Nov. 4, 2021) (finding a defendant established the plaintiff's citizenship in its notice of removal by relying on the plaintiff's stated address in a purchase contract); *Marin v. Target Corp.*, 2:20-CV-3502-ODW (PJWx), 2020 WL 5407454, at *1 (C.D. Cal. Sep. 9, 2020) (finding the plaintiff's statement in her complaint that she was a resident of California was "sufficient to put [defendant] on notice that the case was removable under diversity jurisdiction because [plaintiff]'s statement of her residence is prima facie evidence of her domicile.").

Further, while Plaintiff claims Defendant falls short of its burden to prove Plaintiff is a citizen of California and thus establish diversity jurisdiction, Plaintiff offers no evidence showing that she is not domiciled in California or that she is a citizen of another state. *See Potts v. Ford Motor Co.*, No. 3:21-CV-256-BEN (BGS), 2021 WL 2014796, at *4 (S.D. Cal. May 20, 2021) ("Where the unrebutted evidence shows Plaintiffs reside in California, the Court may treat it as 'prima facie evidence of domicile and citizenship.'") (internal quotations omitted). Plaintiff ***does not refute*** Defendant's claim that Plaintiff is a citizen of California based on Plaintiff's own allegation of residence and the address she provided in the Lease. The Court therefore determines that Defendant has made a sufficient showing that Plaintiff is a citizen of California, and that complete diversity exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-1186-MWF (AFMx)          **Date:** April 19, 2023
Title:     Aminiasl v. Volkswagen Group of America., Inc

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.